The opinion of the Court was delivered by
Johnson, J.
The cases cited at the bar very clearly show that this contract is not a promissory note within the Statute of Ann; and that it was incumbent on the plaintiff to set out in his process and prove the consideration. Peay vs. Pickett, 1 Nott & McCord, 255; Treadway vs. Nicks, 3 McCord, 196; *447 Douglas vs. Davie, 2 McCord, 218-9; Jerome vs. Whitney, 7 John. R. 321. The only allegation in this process is that defendant is indebted to plaintiff in the sum of eighty-five dollars on a note, a copy of which is hereon endorsed; that note is for the delivery of five walnut bureaux, without expressing any consideration, or even acknowledging any value received, so that whether we take the allegation in the body of the process, or in connexion with the copy of the note endorsed, as in. the case-of Worthy vs. Gilchrist, there is no averment of consideration, and according to the rule the process is bad. The summary process of the Court is quasi an equity proceeding, and on that account the Court has generally looked rather to the substance than form, as in the case last referred to; but no case has gone so far as to dispense with necessary and substantial averments: and I am not disposed to make a precedent so well calculated to surprise a defendant. I think, too, that the objection was properly taken on a motion for a nonsuit, or rather on demurring to the evidence. The defendant’s indebtedness was charged in the body of the process, and the note endorsed was referred to for the manner; and permitting evidence of a consideration not expressed in the process or the note, was calculated to surprise the defendant, and ought not to have been allowed. We are, therefore, of opinion that the motion for a nonsuit ought to have been granted, and it is now so ordered.
This, order renders it unnecessary to consider the other grounds of the motion; but I will passingly remark tfiat the process is inartificial in another respect. It charges that the defendant is indebted to plaintiff. The cause of action proved is a breach of contract to deliver certain bureaux, and the plaintiff is entitled to recover damages for the breach, which is badly expressed by the term indebted, and as well might a plaintiff charge an indebtedness for a trespass or in case. The cause of action charged in the process is therefore foreign to that proved; and the application on the part of the plaintiff now to amend, even *448 if the Court was authorized to allow it, comes too late after trial, as it would render an entire new process necessary.
O’Neall, and HaRPER, JJ., concurred.

Motion granted.